G. PETER VAN ZANDT, ESQ.
Attorney for Defendants, City of Ithaca and Andrew Novarro
53 Chenango Street, Suite 700
Binghamton, New York 13901
(907) 722-3236

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------

JOSEPH AMORE,                                **CIVIL ACTION NO. 04 CIV 0176**

            Plaintiff,                      **Returnable:** September 10, 2004

    v.

CITY OF ITHACA and ANDREW NOVARRO,

            Defendants.
-----------------------------------------------------

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

---

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.................................................................................................4

STATEMENT OF FACTS...................................................................................................8

ARGUMENT....................................................................................................................15

CONCLUSION................................................................................................................20

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                    **Page**

*Younger v. Harris*, 401 US 37 (1971)                                                5, 6, 15

*Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 US 423 (1982)    6, 15, 19

*Moses H. Comb Memorial Hospital v. Mercury Construction Corp.,* 460 US 121 (1983)   17

*Colorado River Water Conservation District v. United States* 424 US 800 (1976)     6, 16,

                                                                                     19, 20

cert den. 514 US 1015 (1995)                                                         20

**STATE CASES**

*People v. Uplinger* 58 NY2d 936 (1983)                                              8, 12-13,

                                                                                     14, 17

**FEDERAL STATUTES**

*Crane v. Fauver* 762 F2d 325                                                        20

*Williams v. Red Bank Board of Education* 662 F2d 1008 (3rd Cir. 1981)               20

*O'Neil v. City of Philadelphia* 32 F2d 785 (3rd Cir. 1994)                          20

*Coruzzi v. State of New Jersey* 705 F2d 688                                         20

## PRELIMINARY STATEMENT

Defendants City of Ithaca and Andrew Novarro seek an Order pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the Plaintiff's Complaint on the grounds that the Court must abstain from presiding over this Federal action, by virtue of plaintiff's action filed regarding the same incidents in New York State Supreme Court eighteen (18) months earlier.

On October 19, 2001, in Stewart Park, Ithaca, Tompkins County, New York, City of Ithaca Police Officer Andrew Novarro was on duty, in plain clothes, in an unmarked police car, parked on a roadway.  Plaintiff Joseph Amore, a person who had never previously met Officer Novarro, approached the drivers' side of Officer Novarro's vehicle, tapped on the window, and when asked what he wanted, stated that he wanted to perform homosexual oral sex upon Officer Novarro.

Officer Novarro identified himself as a police officer, and issued plaintiff Amore with an appearance ticket charging him with a violation of New York State Penal Law Section 240.35(3)

> "Loitering or remaining at a public place for the purpose of engaging or soliciting another person to engage in deviant sexual intercourse or other sexual behavior of a deviant nature".

Thereafter, on motion of the prosecutor, the case against Mr. Amore, pending in the City of Ithaca Court was dismissed (a copy of the appearance ticket, the City Court's Decision and a copy of the New York State Court of Appeals case, *People v. Uplinger* 58 NY2d 936 (1983) are all enclosed).

On or about October, 2002, the Plaintiff commenced an action for damages arising out of these same incidents alleged in his Federal complaint, in the Supreme Court, State of New York, County of Tompkins.  The complaint alleged, among other things, false arrest, malicious prosecution, slander, deprivation of constitutional rights, and other actions similar to those in the instant Federal Court complaint.

On December 10, 2002, a hearing pursuant to General Municipal Law Section 50h, of the laws of the State of New York, was commenced at the offices of plaintiff's attorney.  The plaintiff was examined, under oath, before a stenographer, by G. Peter Van Zandt, as attorney for the defendants.

Discovery regarding the State Court action continued.  On August 1, 2003, a motion to compel plaintiff to comply with the discovery demands of the defendant, as heard by the Hon. Robert C. Mulvey, Justice, Supreme Court, Tompkins County, in Ithaca, New York.  At that time and place, attorney for plaintiff consented to supply the requested discovery items.  Additional supplemental discovery was performed thereafter.

On December 10, 2003, an examination before trial of plaintiff, pursuant to the Civil Practice Law and Rules of the State of New York was held at the offices of plaintiff's attorney, in Ithaca, New York.

Thereafter, in December, 2003, the matter was declared trial ready, and put on the trial calendar for the Supreme Court, State of New York, Tompkins County, as scheduled to be tried on the 14th day of June, 2004.

On February 23, 2004, the Supreme Court, State of New York, County of Tompkins, on its own, moved the trial date up from June 14, 2004 to June 7, 2004.

On March 19 and 20, 2004, plaintiff caused to be served a Summons and Complaint previously filed in the United States District Court, Northern District of New York, upon defendants, commencing the instant action.

On June 3, 2004, a Federal Rule 26 Conference was held before the Honorable Magistrate Judge David E. Peebles, at the United States District Court, Syracuse, New York.

Trial of the State Court matter has been adjourned, awaiting the outcome of this motion.

Pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 US 37 (1971) and extended by *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 US 423 (1982) ("Middlesex") and *Colorado River Water Conservation District v. United States* 424 US 800 (1976) plaintiff's Federal lawsuit should not proceed.

Defendants respectfully request that the Court dismiss the instant action pursuant to the doctrine of federal abstention.

## STATEMENT OF FACTS

On October 19, 2001, in Stewart Park, Ithaca, Tompkins County, New York, City of Ithaca Police Officer Andrew Novarro was on duty, in plain clothes, in an unmarked police car, parked on a roadway.  Plaintiff Joseph Amore, a person who had never previously met Officer Novarro, approached the drivers' side of Officer Novarro's vehicle, tapped on the window, and when asked what he wanted, stated that he wanted to perform homosexual oral sex upon Officer Novarro.

Officer Novarro identified himself as a police officer, and issued plaintiff Amore with an appearance ticket charging him with a violation of New York State Penal Law Section 240.35(3)

> "Loitering or remaining at a public place for the purpose of engaging or soliciting another person to engage in deviant sexual intercourse or other sexual behavior of a deviant nature".

Thereafter, on motion of the prosecutor, the case against Mr. Amore, pending in the City of Ithaca Court was dismissed (a copy of the appearance ticket, the City Court's Decision and a copy of the New York State Court of Appeals case, *People v. Uplinger* 58 NY2d 936 (1983) are all enclosed).

On or about October, 2002, the Plaintiff commenced an action for damages arising out of these same incidents alleged in his complaint in the Supreme Court, State

of New York, County of Tompkins.  The complaint alleged, among other things, false arrest, malicious prosecution, slander, deprivation of constitutional rights, and other actions similar to those in the instant Federal Court complaint.

On December 10, 2002, a hearing pursuant to General Municipal Law Section 50h, of the laws of the State of New York, was commenced at the offices of plaintiff's attorney.  The plaintiff was examined, under oath, before a stenographer, by G. Peter Van Zandt, as attorney for the defendants.

Discovery regarding the State Court action continued.  On August 1, 2003, a motion to compel plaintiff to comply with the discovery demands of the defendant, as heard by the Hon. Robert C. Mulvey, Justice, Supreme Court, Tompkins County, in Ithaca, New York.  At that time and place, attorney for plaintiff consented to supply the requested discovery items.  Additional supplemental discovery was performed thereafter.

On December 10, 2003, an examination before trial of plaintiff, pursuant to the Civil Practice Law and Rules of the State of New York was held at the offices of plaintiff's attorney, in Ithaca, New York.

Thereafter, in December, 2003, the matter was declared trial ready, and put on the trial calendar for the Supreme Court, State of New York, Tompkins County, as scheduled to be tried on the 14th day of June, 2004.

On February 23, 2004, the Supreme Court, State of New York, County of Tompkins, on its own, moved the trial date up from June 14, 2004 to June 7, 2004.

On March 19 and 20, 2004, plaintiff caused to be served a Summons and Complaint previously filed in the United States District Court, Northern District of New York, upon defendants, commencing the instant action, approximately eighteen (18) months after plaintiff commenced his State action, and several months after that action had been set for trial.

On June 3, 2004, a Federal Rule 26 Conference was held before the Honorable Magistrate Judge David E. Peebles, at the United States District Court, Syracuse, New York.

Trial of the State Court matter has been adjourned, awaiting the outcome of this motion.

In 2001, Mr. Amore was employed as an elementary school principal in the Dryden New York Public School District. Word of his conduct and arrest reached the school officials. A school board member met with Mr. Amore in his home. It was agreed by Mr. Amore that he would spend the 2001-2002 school year working from his home, which he did, with full pay and benefits. Sometime after the close of the 2001-2002 school year, Mr. Amore, with many years of service, retired, and is currently receiving his pension.

On or about October, 2002, the Plaintiff commenced an action for damages arising out of these same incidents alleged in his complaint in the Supreme Court, State of New York, County of Tompkins.  The complaint alleged, among other things, false arrest, malicious prosecution, slander, deprivation of constitutional rights, and other actions similar to those in the instant Federal Court complaint.

On December 10, 2002, a hearing pursuant to General Municipal Law Section 50h, of the laws of the State of New York, was commenced at the offices of plaintiff's attorney.  The plaintiff was examined, under oath, before a stenographer, by G. Peter Van Zandt, as attorney for the defendants.

Discovery regarding the State Court action continued.  On August 1, 2003, a motion to compel plaintiff to comply with the discovery demands of the defendant, as heard by the Hon. Robert C. Mulvey, Justice, Supreme Court, Tompkins County, in Ithaca, New York.  At that time and place, attorney for plaintiff consented to supply the requested discovery items.  Additional supplemental discovery was performed thereafter.

On December 10, 2003, an examination before trial pursuant to the Civil Practice Law and Rules of the State of New York was held at the offices of plaintiff's attorney, in Ithaca, New York.

Thereafter, in December, 2003, the matter was declared trial ready, and put on the trial calendar for the Supreme Court, State of New York, Tompkins County, as

scheduled to be tried on the 14th day of June, 2004.

On February 23, 2004, the Supreme Court, State of New York, County of Tompkins, on its own, moved the trial date up from June 14, 2004 to June 7, 2004.

On March 19 and 20, 2004, plaintiff caused to be served a Summons and Complaint previously filed in the United States District Court, Northern District of New York, upon defendants, commencing the instant action.

On June 3, 2004, a Federal Rule 26 Conference was held before the Honorable Magistrate Judge David E. Peebles, at the United States District Court, Syracuse, New York.

Trial of the State Court matter has been adjourned, awaiting the outcome of this motion.

Count one of the Federal Complaint alleges unlawful arrest and seizure.  It should be noted that Mr. Amore was issued an appearance ticket for a violation, and permitted to proceed.  He was not taken into custody, fingerprinted, or photographed, or incarcerated in any way.

Count two of the Federal Complaint alleges malicious prosecution.  It should be noted that Mr. Amore does not deny any of the allegations made by Officer Novarro in his charging instrument, but relies for redress upon the fact that, though the section under which he was charged was still part of the statutory codification of the laws of the State of New York, it had been declared unconstitutional by the Court of Appeals of

the State of New York ("*Uplinger*").  It is Mr. Amore's position that the *Uplinger* decision legitimizes his conduct; when, a reading of *Uplinger* makes it clear that that was not the intent of the Court of Appeals.  In fact, rather than dismissing the charge against Joseph Amore, the prosecutor could have moved to amend the charge to another section of the loitering law, disorderly conduct, harassment, or other applicable statutes and proceeded with a strong case toward conviction.

The third count of the Federal Complaint alleges that Officer Novarro did not have probable cause for the criminal proceeding.  It was certainly reasonable for a police officer, who had just been approached by a stranger and solicited for homosexual oral sex, upon reading of the Penal Law, prohibiting such conduct, to issue an appearance ticket for a violation of that section.  Further, had the police officer, or later the prosecutor, so chosen, the plaintiff could have been legitimately charged under another subsection of the loitering prohibition, or with disorderly conduct or harassment, based upon his conduct.

In count three (sic) of the Federal Complaint, the plaintiff claims deprivation of the fourth amendment right to be free from abusive process.

In count four of the Federal Complaint, plaintiff claims deprivation to fourteenth amendment right to equal protection.

In count five of the Federal Complaint, the plaintiff makes a Section 1983 *Monell* claim.

In count six of the Federal Complaint, the plaintiff makes a *City of Canton* failure to train and supervise claim.

The defendants in the instant case deny all allegations of wrongdoing, and set forth various affirmative defenses.

All of the allegations of the Federal Complaint arise from the same set of facts and circumstances as were set forth in plaintiff's State Court Complaint, which predated the Federal filing by about eighteen (18) months.  The State Court has before it the same parties, claims based upon the same circumstances, and, the State Court is capable of adequately adjudicating all the claims which have been made, or may be made by the plaintiff, and all defenses thereto.

Two substantial State issues arise from this controversy.

First, there is a substantial State interest in adjudicating claims made against police officers, and other officials.

Second, the genesis of the plaintiff's claim is that Penal Law Section 243-35(3) listed under the official statutes of the State of New York, was declared to be unconstitutional by the New York State Court of Appeals, in *Uplinger*, in 1983.  The State of New York's judicial system should have the opportunity to address issues arising from alleged conflicts between the highest court in the State of New York, and, the legislature of the State of New York, such as the instant controversy.

**ARGUMENT**

**PLAINTIFF'S FEDERAL COMPLAINT SHOULD BE
DISMISSED UNDER THE DOCTRINE OF FEDERAL ABSTENTION**

In *Younger v. Harris* 401 US 37 (1971), the United State Supreme Court expressed a strong policy against federal interference with the pending state criminal proceeding based upon the principals of equity, jurisprudence, comity and federalism.   In *Middlesex County Ethics Committee v. Garden State Bar Association* 420 US 423, 432 (1982) the Supreme Court held that the abstention doctrine annunciated in *Younger* extends to State Civil Proceedings in which important state interest are involved.  In doing so, the Supreme Court repeated the rationale underlying abstentuion:

> "The notion of comity includes a proper respect for state functions, a recognition of the fact that the entire country is made up of a union of separate State Governments, and a continuance in a belief that National Government will fare best if the States, and their institutions are left free to perform their separate functions and their separate ways."

*Younger* and *Middlesex* each emaciated a three criteria approach to the doctrine of Federal abstention, each of which are met here:

a.    There is an ongoing State Judicial proceeding (which pre-dated the Federal filing by eighteen months, and was scheduled for trial);

b.     The proceedings implicate important State interest (both in adjudicating the conduct of its police officers and officials; and resolving the conflict between the Penal Law Statute promulgated by the legislature and the ruling of the New York State Court of Appeals;

c.     There is an adequate opportunity in the State proceeding to raise constitutional issues.  This case involves the same parties, the same fact, and the same claims for damages.

In *Colorado River Water Conservation District v. United States* 424 US 800 (1976), the United States Supreme Court recognized the right of the Federal Court to abstain because of the pendency of a parallel State Court proceeding.

In *Colorado River*, the Supreme Court decided that the District Court should consider such factors in determining whether to abstain from exercising it's jurisdiction over matter spending in a previously filed State Court action, including:

a.     The Order in which the jurisdiction was obtained by concurrent forums;

b.     Whether Federal Law provides the rule of decision on the merits;

c.     Whether state court proceedings are adequate to protect against violation of federal rights;

d.     The amount of progress that has been made in the Federal suit;

e.     The forum with the greatest expertise; and

f.     The geographic convenience of each forum.

In *Moses H. Comb Memorial Hospital v. Mercury Construction Corp.*, 460 US 121 (1983) the Supreme Court stated that these factors should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."

In the instant case, Patrolman Novarro was in plain clothes, in an unmarked police car, in Stewart Park, Ithaca, New York, when he was approached by the plaintiff, Joseph Amore, who solicited the police officer for homosexual oral sex.  Thereafter, Officer Novarro issued an appearance ticket to plaintiff Joseph Amore, charging him with violation of New York State Penal Law Section 240.35 (3) "loitering or remaining in a public place for the purpose of engaging or soliciting another person to engage in deviant sexual intercourse, or other sexual behavior or a deviant nature".  The Court of Appeals of the State of New York, in 1983, in the case of *People v. Uplinger*, 58 NY2d 936 (1983) held that section of law to be unconstitutional.  It should be noted that the Court of Appeals did not legitimatize the practice of soliciting total strangers for oral homosexual sex, but ruled that, the statute prohibiting, loitering for those purposes was, considering that the law did not distinguish consensual acts, was unconstitutional.

The legislature of the State of New York has never repealed that section, and it remains this day, printed as a Penal Law violation, in the official Statutes of the State of New York.  Aside from the great interest the State of New York may have in regulating the conduct of its police officers, it must be said that it has a great interest too, in a

controversy arising from the fact that the Court of Appeals seems to have declared unconstitutional a section from the Penal Law twenty-one (21) years ago, and the legislature has continued this section as the law of the State.

There is adequate opportunity in the State Court action for all of the issues raised in the Federal Complaint of plaintiff, to be raised, addressed, and adjudicated in the State Court forum.  The state court proceedings are more than adequate to protect the litigants federal rights.

There has been no progress in the Federal Court matter except for the filing and service of the Complaint and Answer, and the Federal Rule 26 Conference.  When contrasted to the advanced stage of the trial ready State Court proceedings, these factors militate for abstention.

Both the Supreme Court of the State of New York, Tompkins County, and the United States District Court, for the Northern District of New York, have great expertise in interpreting matters both of the Penal Law of the State of New York, the issues of false arrest, and malicious prosecution in the State of New York, and the Federal constitutional rights of litigants which come before it pursuant to the constitution, court decisions, and statutes of both of those forums.

Geographically, a trial in the Tompkins County Court House, Ithaca, New York, would be a more convenient forum than a trial in Syracuse, New York.  Upon information and belief, all of the parties, and, witnesses, reside in the Ithaca-Tompkins

County area; and none reside in the Syracuse-Onondaga County area.

The criteria for abstention, under both *Middlesex County Ethics Committee v. Garden State Bar Association,* and *Colorado River Water Conservation District v. United State*, are met in the instant case.

**CONCLUSION**

The defendants have met both the three-prong test for *Younger* abstention, and, the six criteria annunciated in *Colorado River*.

In the instant case, given the advanced progress of the State Court action, which had been scheduled for trial prior to the commencement of the Federal Court action, and the high level of State interest in both the nature of the allegations, and, the apparent controversy between the legislative statutory scheme, and the case law of the New York State Court of Appeals, defendants respectfully request that the Court determine that it should abstain from presiding over the instant Federal action.  Upon the Court's determination that abstention is appropriate, defendants respectfully request that the Court either dismiss the case pursuant to *Coruzzi v. State of New Jersey* 705 F2d 688 and *O'Neil v. City of Philadelphia* 32 F2d 785 (3rd Cir. 1994), cert den. 514 US 1015 (1995), or, alternatively, retain jurisdiction pending the outcome of the state proceedings, thereby allowing plaintiff to return to this Court, if necessary, to obtain any relief he was previously unable to obtain pursuant to *Williams v. Red Bank Board of Education* 662 F2d 1008 (3rd Cir. 1981) and *Crane v. Fauver* 762 F2d 325.