G. PETER VAN ZANDT, ESQ.
Attorney for Defendants City of Ithaca and Andrew Novarro
53 Chenango Street, Suite 700
Binghamton, New York 13901
(607) 722-3236

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSEPH AMORE, | CIVIL ACTION NO. 04 CIV 0176 |
| Plaintiffs, | AFFIDAVIT IN SUPPORT OF MOTION MOTION TO DISMISS PURSUANT TO |
| v. | RULE 12(b)(6) |
| TOWN OF ITHACA and ANDREW NOVARRO, | |
| Defendants. | |

---

G. PETER VAN ZANDT, having been duly sworn, hereby deposes and says as follows:

1.      On or about October, 2002, the Plaintiff commenced an action for damages arising out of these same incidents alleged in his complaint in the Supreme Court, State of New York, County of Tompkins.  The complaint alleged, among other things, false arrest, malicious prosecution, slander, deprivation of constitutional rights, and actions similar to those in the instant Federal Court complaint.

2.      On December 10, 2002, a hearing pursuant to General Municipal Law Section 50h, of the laws of the State of New York, was commenced at the offices of plaintiff's attorney.  The plaintiff was examined, under oath, before a stenographer, by

G. Peter Van Zandt, as attorney for the defendants.

3. Discovery regarding the State Court action continued. On August 1, 2003, a motion to compel plaintiff to comply with the discovery demands of the defendant, was heard by the Hon. Robert C. Mulvey, Justice, Supreme Court, Tompkins County, in Ithaca, New York. At that time and place, attorney for plaintiff consented to supply the requested discovery items. Additional supplemental discovery was performed thereafter.

4. On December 10, 2003, an examination before trial of plaintiff, pursuant to the Civil Practice Law and Rules of the State of New York was held at the offices of plaintiff's attorney, in Ithaca, New York.

5. Thereafter, in December, 2003, the matter was declared trial ready, and put on the trial calendar for the Supreme Court, State of New York, Tompkins County, as scheduled to be tried on the 14th day of June, 2004.

6. On February 23, 2004, the Supreme Court, State of New York, County of Tompkins, on its own, moved the trial date up from June 14, 2004 to June 7, 2004.

7. On March 19 and 20, 2004, plaintiff caused to be served a Summons and Complaint previously filed in the United States District Court, Northern District of New York, upon defendants, commencing the instant action.

8. On June 3, 2004, a Federal Rule 26 Conference was held before the Honorable Magistrate Judge David E. Peebles, at the United States District Court,

Syracuse, New York.

9. Trial of the State Court matter has been adjourned, awaiting the outcome of this motion.

10. The doctrine of abstention of Federal Courts, in exercising jurisdiction over matters which are pending in State Courts, at the time of the commencement of the Federal Action was enunciated in *Younger v. Harris*, 401 US 37 (1971), *Colorado River Water Conservation District v. United States,* 420 US 800 (1976), and their progeny. The Supreme Court of the United States has extended the doctrine of abstention, beyond criminal cases, to cases involving State Court Civil Proceedings in which the state is a party, or important State interests are involved, *Middlesex County Ethics Committee v. The Garden State Bar Association* 420 US 423, 432 (1982). In *Younger* three criteria were established, namely,

    a. Is there an ongoing State Judicial Proceeding?

    b. Do the proceedings implicate important State interests?

    c. Is there an adequate opportunity in the state proceeding to raise constitutional challenges?

11. In *Colorado River*, the Supreme Court decided that the District Court should consider such factors in determining whether to abstain from exercising it's jurisdiction over matter spending in a previously filed State Court action, including:

    a. The Order in which the jurisdiction was obtained by concurrent

forums;

      b.      Whether Federal Law provides the rule of decision on the merits;

      c.      Whether state court proceedings are adequate to protect against violation of federal rights;

      d.      The amount of progress that has been made in the Federal suit;

      e.      The forum with the greatest expertise; and

      f.      The geographic convenience of each forum.

12.    In *Moses H. Comb Memorial Hospital v. Mercury Construction Corp.,* 460 US 121 (1983) the Supreme Court stated that these factors should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."

13.    The criteria for abstention, under both *Middlesex County Ethics Committee v. Garden State Bar Association,* and *Colorado River Water Conservation District v. United State*, are met in the instant case.

14.    There is an ongoing State Court Action covering the same parties, the same factual allegations, and the same claims. In fact, the case had progressed so far in the State Court, that it had been declared trial ready, and set for trial by the State Court, prior to the time that the Federal Court Action was initiated on these same claims, facts, and circumstances.

15.    In the instant case, Patrolman Novarro was in plain clothes, in an unmarked police car, in Stewart Park, Ithaca, New York, when he was approached by

the plaintiff, Joseph Amore, who solicited the police officer for homosexual oral sex. Thereafter, Officer Novarro issued an appearance ticket to plaintiff Joseph Amore, charging him with violation of New York State Penal Law Section 240.35 (3) "loitering or remaining in a public place for the purpose of engaging or soliciting another person to engage in deviant sexual intercourse, or other sexual behavior or a deviant nature". The Court of Appeals of the State of New York, in 1983, in the case of *People v. Uplinger*, 58 NY2d 936 (1983) held that section of law to be unconstitutional.  It should be noted that the Court of Appeals did not legitimatize the practice of soliciting total strangers for oral homosexual sex, but ruled that, the statute prohibiting, loitering for those purposes was, considering that the law did not distinguish consensual acts, was unconstitutional.

      The legislature of the State of New York has never repealed that section, and it remains this day, printed as a Penal Law violation, in the official Statutes of the State of New York.  Aside from the great interest the State of New York may have in regulating the conduct of its police officers, it must be said that it has a great interest too, in a controversy arising from the fact that the Court of Appeals seems to have declared unconstitutional a section from the Penal Law twenty-one (21) years ago, and the legislature has continued this section as the law of the State.

      16.   There is adequate opportunity in the State Court action for all of the issues raised in the Federal Complaint of plaintiff, to be raised, addressed, and adjudicated in the State Court forum.  The state court proceedings are more than adequate to protect the litigants federal rights.

17. There has been no progress in the Federal Court matter except for the filing and service of the Complaint and Answer, and the Federal Rule 26 Conference. When contrasted to the advanced stage of the trial ready State Court proceedings, these factors militate for abstention.

18. Both the Supreme Court of the State of New York, Tompkins County, and the United States District Court, for the Northern District of New York, have great expertise in interpreting matters both of the Penal Law of the State of New York, the issues of false arrest, and malicious prosecution in the State of New York, and the Federal constitutional rights of litigants which come before it pursuant to the constitution, court decisions, and statutes of both of those forums.

19. Geographically, a trial in the Tompkins County Court House, Ithaca, New York, would be a more convenient forum than a trial in Syracuse, New York. Upon information and belief, all of the parties, and, witnesses, reside in the Ithaca-Tompkins County area; and none reside in the Syracuse-Onondaga County area.

**WHEREFORE**, defendant requests an Order of the Court declaring that it shall abstain from exercising jurisdiction over the Complaint of plaintiff, and dismissing such Complaint with the matter to proceed with the New York State Court action, and for such other relief as the Court may deem just and proper.

                                                  G. PETER VAN ZANDT, ESQ.
Attorney for Defendants City of
Ithaca and Andrew Novarro

Dated: August 13, 2004                     Bar Roll No. 501011