## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH AMORE,

|                    |              |                                    |
|--------------------|--------------|------------------------------------|
|                    | Plaintiff,   | **DEFENDANT'S RESPONSE TO**         |
|                    |              | **PLAINTIFF'S STATEMENT**           |
| -against-          |              | **OF FACTS**                        |

CITY OF ITHACA and ANDREW NOVARRO,

|                    |              |                                           |
|--------------------|--------------|-------------------------------------------|
|                    |              | Civil Action No.:  04-CV-0176             |
|                    | Defendants.  | Chief Judge Frederick J. Scullin, Jr.     |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  Magistrate Judge David E. Peebles

1.  Defendants admit the allegations of Plaintiff's Statement of Facts paragraphs 1, 2, 3, 4, 6, 7, 10, 11, 13, 14, and 16.

2.  Regarding paragraph 5 defendants admit Mr. Amore had a right to be in Stewart Park.

3.  Regarding paragraph 8 and 9 defendants point out that Mr. Amore was given an appearance ticket and permitted to leave without bail, physical arrest or seizure, fingerprinting, booking etc.

4.  Regarding paragraph 15 defendants admit the transcript of testimony, and that training regarding the constitutionality of the section in question took place after dismissal of the charges against Mr. Amore.

5.  Regarding paragraph 17 defendants object to the characterization of the testimony of Prosecutor Margaret McCarthy as set forth in paragraph 16.

6.  Regarding paragraph 18 defendants deny the allegation that Office Christopher Miller had no training in law as the basic course included training in various statutes and received updates from the office of the District Attorney.  Defendants admit the transcript of testimony as set forth.

7.  Regarding paragraph 19 defendant points out that the *Uplinger* case found Penal Law Section 240.35(3) unconstitutional based on facts alleging loitering for purposes of homosexual activity between *consenting adults*.  The decision stated that prohibition against loitering for purposes of soliciting *unwanted* homosexual activity, could be prohibited by the Legislature. The Legislature took no action, and said statute is still in the official New York Penal Law without change.

DATED:      February 2, 2006

/s/ G. Peter Van Zandt

G. PETER VAN ZANDT
Bar Roll No. 501011
Attorney for Defendants
53 Chenango Street, Suite 700
Binghamton, New York  13901
Tele. No.:  607-722-3236

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

JOSEPH AMORE,                                              Case No. 04-CIV-0176

                      Plaintiff,

     -against-

CITY OF ITHACA and
ANDREW NOVARRO,

                      Defendants.
--------------------------------------------------------

*CERTIFICATE OF SERVICE*

I hereby certify that on February 2, 2006 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.     Edward Kopko, Esq.

    2.     Richard Wallace, Esq.

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

    1.

    2.

                                        /s/ Carla A. Masse

                                        _____
                                        **CARLA A. MASSE**

Sworn to before me this
2nd day of February, 2006.

/s/  G. Peter Van Zandt

_____

Notary Public