UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH AMORE,

                              Plaintiff,

                          v.                                        5:04-CV-176
                                                                            (FJS/DEP)

CITY OF ITHACA and
ANDREW NOVARRO,

                              Defendants.
_____

**APPEARANCES**                                         **OF COUNSEL**

**WIGGINS, KOPKO & CRANE, LLP**         **EDWARD E. KOPKO, ESQ.**
308 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

**GUTTMAN & WALLACE**                    **RICHARD M. WALLACE, ESQ.**
411 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

**OFFICE OF G. PETER VAN ZANDT**       **G. PETER VAN ZANDT, ESQ.**
53 Chenango Street, Suite 700
Binghamton, New York 13901
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff filed a complaint on February 18, 2004, asserting § 1983 claims against Defendant Andrew Novarro, a City of Ithaca police officer, for (1) false arrest, (2) malicious prosecution, (3) abuse of process, and (4) deprivation of his right to equal protection. *See*

Complaint at ¶¶ 17-93. He also asserted *Monell* claims against Defendant City of Ithaca ("City") for (1) use of an improper policy, custom, or practice and (2) failure to train its employees. *See id.* at ¶¶ 94-120.

On March 28, 2008, the Court issued a Memorandum-Decision and Order granting Defendants' motion for summary judgment with respect to all of Plaintiff's claims except his claim against Defendant Novarro for false arrest and his claim against Defendant City of Ithaca for failure to train its officers and denying Plaintiff's cross-motion for partial summary judgment.

Specifically, with respect to Plaintiff's false-arrest claim, the Court found that there was a genuine issue of material fact concerning whether Defendant Novarro had probable cause to arrest Plaintiff. Plaintiff now asks the Court to reconsider that decision on two grounds. First, he contends that Defendant Novarro did not have probable cause to arrest him for second-degree harassment. Second, he contends that Defendant Novarro did not have probable cause to arrest him for disorderly conduct.

## II. BACKGROUND

On October 19, 2001, Defendant Novarro sat in his unmarked police vehicle in plain clothes watching for drug activity in Stewart Park, a public park in Ithaca, New York. *See* Plaintiff's Statement of Material Facts at ¶¶ 5-6; Defendants' Statement of Material Facts at 9. Plaintiff approached Defendant Novarro's vehicle on the driver's side and tapped on the window. *See* Defendants' Statement of Material Facts at 9. The parties did not know each other beforehand. *See id.* They now disagree about the content of their dialogue during the encounter.

According to Defendant Novarro, he asked what Plaintiff wanted; and Plaintiff replied, in

essence, that he wanted to perform oral sex on him. *See id.* Plaintiff, however, claims that he initiated the conversation by asking Defendant Novarro whether he was "looking for something." *See* Plaintiff's Statement of Material Facts at ¶ 9. When Defendant Novarro responded, "I don't know, what do you have?," *see id.*, Plaintiff claims he replied, "how about a blow job[?]," *see id.*

After Defendant Novarro identified himself as a police officer, Plaintiff "closed his eyes, sighed and dropped his chin down, made a sighing sound like, oh, and . . . said can't you just let me go[?]" *See* Plaintiff's Statement of Material Facts at ¶ 8. Defendant Novarro told Plaintiff that he could not leave, asked him for identification, and called for backup so he could issue Plaintiff an appearance ticket for loitering under New York Penal Law § 240.35(3). *See id.* Several days after Defendant Novarro issued Plaintiff the appearance ticket, he filed a criminal complaint on October 24, 2001, charging Plaintiff with violating § 240.35(3), *see id.* at ¶¶ 10-11, which prohibits "loiter[ing] or remain[ing] in a public place for the purpose of engaging, or soliciting another person to engage, in deviate sexual intercourse or other sexual behavior of a deviate nature[,]" N.Y. Penal Law § 240.35(3).

The Office of the City Prosecutor filed a motion in Ithaca City Court to dismiss the criminal charge against Plaintiff after discovering that the New York Court of Appeals had held § 240.35(3) unconstitutional in *People v. Uplinger*, 58 N.Y. 2d 936 (1983). *See id.* at ¶¶ 12-13; Defendants' Statement of Material Facts at 9-10. The city court granted the prosecutor's motion and entered an order on November 15, 2001, dismissing Plaintiff's criminal charge. *See* Plaintiff's Statement of Material Facts at ¶ 14.

## III. DISCUSSION

The Court's March 28, 2008 Memorandum-Decision and Order constitutes the law of the case. Pursuant to the law of the case doctrine, a court should "adhere[ ] to [its] own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *New York State Nat'l Org. for Women v. Terry,* 961 F.2d 390, 395-96 (2d Cir.1992) (quotation and internal quotation marks omitted), *vacated sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic*, 512 U.S. 1249 (1994); *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir. 2000) (citations omitted); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478, at 637 ("Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." (footnote omitted)). There is no compelling reason for the Court to depart from its earlier decision in this case.

Plaintiff does not contend that there has been a change in controlling law or in the facts available to the parties. Rather, he argues that the Court incorrectly decided his cross-motion for partial summary judgment. "[W]here the party seeking reconsideration bases its motion upon 'error,' the court has broad discretion and should not disregard the law of the case unless it has a 'clear conviction of error.'" *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (quotation and internal quotation marks omitted). The Court follows the law of the case in this instance because Plaintiff merely attempts to relitigate an issue that the Court has already decided without establishing a clear legal error. *See id.* (denying motion for reconsideration because there was no clear error and "Defendant [was]

merely seeking to relitigate an already-decided issue by presenting substantially the same arguments and precedent as it presented in its original motion"); *Sutherland v. New York State Dep't of Law*, No. 96 CIV 6935 JFK, 1999 WL 600522, *1 (S.D.N.Y. Aug. 10, 1999) ("A [motion for reconsideration] 'is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.'" (quotation omitted)).

Plaintiff's argument that Defendant Novarro did not have probable cause to arrest him for second-degree harassment or disorderly conduct is identical to the one that he set forth in his reply memorandum of law, which the Court already considered. *See* Defendant's Reply Memorandum of Law, dated February 21, 2006, at 8-9. The Court previously held that there was a genuine issue of material fact concerning whether Defendant Novarro had probable cause to arrest Plaintiff for disorderly conduct or harassment:

> Defendants assert that Plaintiff performed oral sex on a stranger in a public park about fifteen minutes before he approached Defendant Novarro and asked him whether he was looking for oral sex. However, it is unclear whether Defendant Novarro was aware of this fact at the time of the arrest. If he was, this could provide support for a finding of probable cause to believe that Plaintiff's conduct raised a potential public problem or that he engaged in a course of conduct, rather than an isolated incident. On a motion for summary judgment, probable cause is "determinable as a matter of law if there is no dispute about the pertinent events and the knowledge of the officers." *Weyant*, 101 F.3d at 852. Since Defendant Novarro's knowledge at the time he arrested Plaintiff is unclear, the Court cannot determine at the summary judgment stage whether Plaintiff has established a prima facie case for false arrest.

*See* Memorandum-Decision and Order, dated March 28, 2008, at 7.

In its earlier decision, the Court considered the legal standards that Plaintiff now highlights and concluded that there were insufficient facts in the record for the Court to make any

conclusion regarding Defendant Novarro's knowledge that Plaintiff had engaged in harassment or disorderly conduct when he arrested him. Moreover, "[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) (citations omitted); *see also Smith v. Herman Miller, Inc.*, No. CV-03-5358, 2005 WL 2076570, *5 (E.D.N.Y. Aug. 26, 2005) (citations omitted); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2728. Accordingly, the Court denies Plaintiff's motion for partial reconsideration.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for partial reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 9, 2008
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge