UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH AMORE,

                          **Plaintiff,**

              v.                                        5:04-CV-176
                                                             (FJS/DEP)

CITY OF ITHACA and ANDREW
NOVARRO,

                         **Defendants.**
_____

**APPEARANCES**                                     **OF COUNSEL**

**WIGGINS, KOPKO & CRANE, LLP**          **EDWARD E. KOPKO, ESQ.**
308 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

**GUTTMAN & WALLACE**                    **RICHARD M. WALLACE, ESQ.**
411 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

**GOLDBERG SEGALLA LLP**                  **JONATHAN M. BERNSTEIN, ESQ.**
8 Southwoods Boulevard, Suite 300         **WILLIAM J. GREAGAN, ESQ.**
Albany, New York 12211-2526
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      In a Memorandum-Decision and Order dated March 28, 2008, this Court, among other things, denied Defendant Novarro's motion for summary judgment on a false arrest claim, finding that he was not entitled to qualified immunity. *See* Dkt. No. 41 at 10-12. On October 3, 2008, Defendant Novarro filed a Notice of Appeal. *See* Dkt. No. 54. On January 5, 2011, the Second

Circuit Court of Appeals issued a mandate and slip opinion in which it concluded that this Court "erred in deciding that ti would have been clear to a reasonable officer in [Defendant] Novarro's position that making the arrest was unlawful." *See* Dkt. No. 63 at 2.  Therefore, the Second Circuit reversed this Court's order in that regard and remanded the case "with instructions to grant the summary judgment motion based on qualified immunity and to dismiss the complaint against [Defendant] Novarro, only." *See id.*

Accordingly, in compliance with the Second Circuit's mandate, the Court hereby

**ORDERS** that Defendant Novarro's motion for summary judgment is **GRANTED** based on qualified immunity; and the Court further

**ORDERS** that the complaint is **DISMISSED** against Defendant Novarro; and the Court further

**ORDERS** that counsel for Defendant City of Ithaca shall initiate a telephone conference, using a professional telephone conference provider, with the Court and opposing counsel on **January 19, 2011**, at **9:45 a.m.** to set a date for the trial of this matter.

**IT IS SO ORDERED.**

Dated: January 7, 2011
    Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge